# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK E. KING, Inmate #N12641,** | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| **ILLINOIS DEPARTMENT OF CORRECTIONS, MENARD CORRECTIONAL CENTER, E. McADORIE, URINE TEST EXAM #AR203,** *et al.*, | ) CIVIL NO. 04-392-JLF |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against unspecified defendants for excessive force during drug testing at Menard on May 11, 2004.
>
> **COUNT 2:** Against unspecified defendants for violations of due process.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

### COUNT 1

Plaintiff states that on May 12, 2004, inmates in the Menard North Cellhouse Gallery 4 were escorted in handcuffs from their cells to a holdover cell in Gallery 1. The inmates were told they had to provide a urine sample for drug testing. Inmates were instructed to kneel on the floor with their noses touching the wall and to keep their backs straight. When an inmate was allowed to rise and leave the line to be tested, the other inmates were ordered to "close the empty space and gap in the line." Plaintiff states that each time this happened the other inmates had to crawl on their knees to close the space. Plaintiff states that he was required to kneel for approximately 35 minutes and that he was in great pain. Plaintiff states that being forced to kneel in this manner amounted to cruel and unusual punishment and constituted the improper use of excessive force.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth

Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on these standards, Plaintiff has not stated a claim of excessive force. Plaintiff states he was required to kneel with his nose against the wall for 35 minutes. While this may have been uncomfortable, without more, this de minimis use of force does not constitute cruel and unusual punishment under the Eighth Amendment.

## COUNT 2

Plaintiff states that after 35 minutes he was told to stand up. He believed he would be taken to provide a urine sample. Instead, he was told that he had refused to give a urine sample and was given six months in segregation. Plaintiff states that he was never given any opportunity to provide a sample. He does state, however, that he was provided with water so that he might produce a sample. Although Plaintiff does not clearly state that he is challenging the disciplinary action, he does include with the complaint the disciplinary report and grievances he filed regarding the matter.

In an effort to liberally construe the complaint, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds that Plaintiff is attempting to state a due process claim regarding his placement in disciplinary segregation for failing to provide a urine sample.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must first show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for six months in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship).

Based on these legal standards and Plaintiff's allegations, Plaintiff has not stated a due process claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count

as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

     **IT IS SO ORDERED.**
     **DATED: April 17, 2006.**

                                      *s/ James L. Foreman*
                                          **DISTRICT JUDGE**